**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.  2:19-CR-00286-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **JARVIS PIERRE (01)** | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM ORDER**

Before the Court is a Motion to Sever (Doc. 38) wherein Defendant Jarvis Pierre, this his counsel moves to sever each count of the original indictment. Defendant Pierre, through his counsel, asserts that Counts 1 and 3 occurred on a different date than Count 2. Consequently, Pierre moves to separate the trials of these Counts because they are not based on the same act or transaction and are not based on two or more connected acts or transactions or constituting parts of a common scheme or plan. Pierre also argues that Count 2 must be severed from Count 3 because they involved different weapons and different types of drugs.

Under Federal Rule of Criminal Procedure 8(a), offenses may be charged in the same indictment when they "(1) are of the same or similar character, or (2) are based on the same act or transaction, or (3) are connected together or constitute parts of a common scheme or plan."

The charges against Pierre involve two separate traffic stops in which the arresting officers found illegal drugs and possession of a firearm. Pierre argues that the offenses are not of the same or similar character, they are not on the same act or transaction and are not connected or constitute parts of a common scheme or plan. Pierre also suggests that trying

these offenses in one trial will cause him to suffer significant prejudice. Federal Rule of Criminal Procedure 14 allows "separate trials of counts.. . or . . . whatever other relief justice requires" if the court concludes that a defendant may be prejudiced by the joinder of offenses.

On October 7, 2020, the Grand Jury issued a Superseding Indictment" which stemmed from the two traffic stops charging Pierre with two (2) counts of being a felon in possession of a firearm, and possession of a weapon in furtherance of drug trafficking. Pierre filed another Motion to Sever and a Motion to Dismiss the Superseding Indictment which the undersigned denied at a hearing on November 5, 2020.

The Government asserts that the evidence gathered in each traffic stop would likely be admissible under Federal Rule of Evidence Rule 404b to show knowledge, intent and lack of mistake or accident, thus, any interest the defendant might have in severing the counts is outweighed by the Government's interest in judicial economy.

In *United States v. Park,* 531 F.2d 754, 761 (5th Cir. 1976), the defendant was initially indicted for possession of a firearm and later he was indicted on drug charges even though the drugs and firearm were found at the same time pursuant to a search warrant. The indictments were joined by the court for trial. The Fifth Circuit observed that a refusal to sever properly joined charges in a single indictment is properly discretionary with the trial court. It found that since the drugs and firearms were found in the same search, they were based upon the same transaction and their joinder was proper under Rule 8(a).

In *Park* the defendant argued he was prejudiced by the introduction of a prior drug conviction and that it impaired his defense preparation because his right to testify or

not testify was eliminated by the submission of his prior drug conviction. The Government argues the evidence of the prior drug conviction would have been admissible pursuant to Federal Rule of Evidence Rule 404b for the purpose of showing *Park's* intent to manufacture PCP and his knowledge of drugs. The Fifth Circuit agreed that the prior drug crime could have been admitted in a separate trial to prove intent and knowledge, and hence there could be no possible legal prejudice resulting from joinder. *Park,* 53 F.2d at 763.

The Court agrees with the Government that Pierre will not be prejudiced because evidence of both crimes will be admissible pursuant to Federal Rule of Evidence Rule 404b. Furthermore, the Superseding Indictment makes all of the Counts relevant to a drug trafficking scheme. We also find that both traffic stops involved the same or similar characteristics—possession of illegal drugs and illegal firearms. Lastly and more significantly, the Court has denied Pierre's motion to sever the Counts in the Superseding Indictment, which renders this motion moot. Accordingly,

**IT IS ORDERED** that the motion to Sever is hereby **DENIED as** MOOT.

**THUS DONE AND SIGNED** in Chambers on this 10th day of November, 2020.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**