UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.  2:19-CR-00286-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **JARVIS PIERRE (01)** | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM ORDER**

Before the Court is a "Motion in Limine to Exclude Evidence" (Doc. 42) filed by defendant, Jarvis Pierre, through counsel who moves the Court for an order to prohibit the prosecutor form introducing into evidence in the prosecutor's case-in-chief certain documents that the prosecutor produced as part of his response to Defendant's discovery request. Defendant has identified five (5) items of evidence which he moves the Court to preclude from the Government's case-in-chief, specifically, "a, b, c, d, and e." In its opposition to the Motion in Limine, the Government informs the Court that it does not intend to introduce the evidence identified as "b", "d", or "e" in its case-in-chief, but it does intend to introduce items "a"[1] and "c"[2].

The Government relies on two theories: (1) Rule 404(b), or alternatively, (2) as intrinsic evidence of the offense charged.  Rule 404(b) of the Federal Rules of Evidence provides as follows:

---

[1] "a" is listed as "incident and investigation reports and evidence concerning the defendant's arrest on February 13, 2018, in Pearland, Texas for possession of controlled substances and unlawful possession of a firearm. (Bates numbered as G00351-G397. Doc. 42.

[2] "c" is listed as "photographs of wallet with residue on top, photographs of wallet with U.S. currency and cards, photographs of U.S. currency sorted, photograph of money envelope from Capital One, front and back, photograph of U.S. currency and money envelope form Capital One, photographs of U.S. currency ($20 denominations (Bates numbers G22461-00467)" Doc. 42.

> (1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> (2) Permitted Uses. Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On request by a defendant in a criminal case, the prosecution must:
>
>> (A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial;
>> (B) so before trial- or during trial if the court, for good cause, excuses lack of pretrial notice.

[R]elevant evidence is admissible except as otherwise provided." *United States v. Jones,* 484 F.3d 783, 786 (5th Cir. 2007) (quoting Federal Rule of Evidence 402). Rule 404(b) has been described as a "rule of inclusion" and "very broadly recognizes the admissibility of prior crimes for other purposes." *United States v. Shaw*, 701 F.2d 367, 386-87 (5th Cir. 1983); see also *United States v. Ebron,* 683 F.3d 105, 131-132 (5th Cir. 2012); *United States v. Fields*, 483 F.3d 313, 359 (5th Cir. 2007).

The Fifth Circuit has emphasized a two-step process to evaluate the admissibility of "other crimes" evidence: (1) the extrinsic evidence must be relevant to an issue other than the defendant's character, and (2) the evidence must possess probative value that outweighs any danger of any unfair prejudice, confusion, misleading the jury, or needless presentation of cumulative evidence. *United States v. Beechum,* 582 F.2d 898, 911 (5th Cir. 1978).

Relevancy "derives from the defendant's indulging himself in the same state of mind in the perpetration of both the extrinsic and the charged offenses." 582 F.2d at 911. In *United States v. Scott,* 48 F.3d 1389, 1396 (5th Cir. 1995), the Fifth Circuit explained

that "[t]he relevancy of the evidence must be assessed by comparing the state of mind required for the past and present offenses." Such evidence "lessens the likelihood that the defendant committed the charged offense with innocent intent." *Beechum,* 582 F.2d at 913.

The Government argues that evidence of the Defendant's knowledge and intent concerning the illegal possession of firearms is a material issue. The Government notes that because the firearms in question were not found on Defendant's person, evidence may be introduced to show constructive possession in addition to evidence indicating actual possession.

Government Exhibit "a" is evidence of a prior incident which shows that Defendant illegally possessed a firearm prior to the instant offense. The Fifth Circuit upheld the introduction of evidence of such prior possession of firearms pursuant to Rule 404(b) in *United States v. Davis,* 792 F.2d 1299, 1305 (1986). In *United States v. Bass*, 404 U.S. 336 (1971), the Supreme Court explained that the admission was relevant and probative of the defendant's "knowing" possession of the firearms involved in the charged offense. *Davis,* 792 F.2d at 1305.

The Government further argues that the evidence identified as item "c" indicates Defendant's motive; the protection of oneself while carrying a large sum of case, such as the approximately $11,000, is clear motive to possess a firearm in addition to being intrinsically intertwined with the criminal acts charged in the Superseding Indictment. The Court agrees and finds the evidence (both items "a" and "c") is relevant to Defendant's motive, knowledge, and intent.

Before a court may exclude extrinsic evidence, it must find that the danger of unfair prejudice substantially outweighs probative value of the evidence. *Beechum,* 582 F.2d at 911; *United States v. McMahon,* 509 F.2d 871 (5th Cir.), *cert. denied,* 442 U.S. 921 (1979). However, "[w]hile some danger of prejudice is always present, exclusion of extrinsic evidence based on its prejudicial effect 'should occur only sparingly.'" *United States v. Leahy*, 82 F.3d 624, 637 (5th Cir. 1996) (citations omitted). The Supreme Court noted that "Congress was not nearly so concerned with the potential prejudicial effect of Rule 404(b) evidence as it was with ensuring that restrictions would not be placed on the admission of such evidence." *Huddleston,* 485 U.S. at 688-89.

In weighing the evidence's probative value against its potential for unfair prejudice, "the similarity of the physical elements of the charged and extrinsic offenses figures in at this stage." *Beechum,* 582 F.2d at 913. The Government remarks that the extrinsic offense is the exact offense charged in the Indictment; eight months prior, Defendant was involved in a traffic stop, while driving the same vehicle in Count 1, is arrested for being a felon in possession of firearms and narcotics, and has a large sum of cash in the vehicle. The Government argues that this conduct is highly probative of Defendant's state of mind.

The Court finds that the evidence identified in items "a" and "c" are relevant to Defendant's intent, motive, and knowledge. The Court further finds that the alleged illegal conduct is similar in nature and that its probative value is greater than its potential for unfair prejudice.

## CONCLUSION

For the reasons set forth above, the Court finds that the evidence identified as items "a" and "c" will be permitted during the Government's case-in-chief. Accordingly,

**IT IS ORDERED** that the Motion in Limine is hereby **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 10th day of November, 2020.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**