UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:19-cr-00286-01 |
| VERSUS | : | JUDGE JAMES D. CAIN, JR. |
| JARVIS PIERRE | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the court is defendant Jarvis Pierre's Motion to Suppress. Doc. 90. Defendant moves to suppress the results of an electronic search of two cellular telephones seized at the time of his arrest, as well as any derivative evidence obtained from the devices. *Id*. The government filed a response. Doc. 92. Based on our review of the memoranda filed by the parties and applicable law, defendant's Motion to Suppress is **DENIED AS MOOT.**

The defendant in this matter was indicted for one count of possession of a firearm in furtherance of a drug trafficking crime, as well as two counts of felon in possession of a firearm and ammunition. Doc. 68. The charges arose from two traffic stops that occurred, respectively, on October 7, 2018, and December 27, 2018. Doc. 90, att. 2, pp. 2-5 and att. 4, pp. 7-8. During the traffic stops, three of defendant's cellular telephones were seized: one in the October 7 stop and two in the December 27 stop. *Id*. On July 20, 2020, Calcasieu Parish Sheriff's detective Trey Thomas applied for a search warrant to search the devices, which the state court judge granted. *Id*., atts. 3 and 5.  Defendant moves to suppress the evidence, if any, that was derived from the search. The government simply responds that, at this time, it does not intend to use information obtained through the execution of the warrants in its case-in-chief, nor does it plan to introduce any other

-2-

evidence obtained directly or derivatively from the information. Doc. 92, p. 2. Thus, the government contends that defendant's motion to suppress is moot. *Id*.

Where the government declines to introduce the evidence at issue in a motion to suppress, the motion is rendered moot. *See, e.g.*, *United States v. Walton*, No. 9-157, 2011 WL 3665145, at *2 (E.D. La. Aug. 19, 2011) (where government did not intend to introduce at trial an alleged unconstitutionally obtained statement, court denied the defendant's motion to suppress as moot). Whether the government will voluntarily refrain from introducing any incriminating evidence, or the execution of the search warrants simply yielded no incriminating evidence as to this defendant, there is no evidence to suppress here. We accordingly **DENY** the defendant's Motion to Suppress as moot.

THUS DONE AND SIGNED in Chambers this 23rd day of February, 2021.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE