UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:19-CR-00286-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **JARVIS PIERRE (01)** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the Court is a "Motion to Suppress" (Doc. 125) filed by Defendant, Jarvis Pierre, through counsel, who moves to suppress the contents of private diaries, notes, and/or journals inside memo books seized by law enforcement during a traffic stop on October 7, 2018. Also, before the Court is "Defendant's Motion to File Exhibits in Support of Motion to Suppress (DOC. 125)" (Doc. 126) wherein Defendant Pierre moves to attach certain exhibits to be made a part of his Motion to Suppress.

On October 7, 2018, at approximately 5:00 a.m., law enforcements officers responded to a report of shots being fired at a local bar. Upon arrival, they observed a red Corvette in the parking lot with its engine running. The Corvette left the bar parking lot shortly after law enforcement arrived. One law enforcement officer followed the Corvette. After observing a traffic infraction by the driver, later determined to be Defendant Pierre, the officer performed a traffic stop.

Upon approaching the vehicle, the officer smelled a strong marijuana odor emanating from the car. He also observed that the Corvette had a compartment located behind the infotainment system which was closed. The officer returned to his vehicle and

requested backup assistance. When he returned to the Corvette, the officer observed that the compartment behind the infotainment system had been opened.

The officer requested that Pierre step out of his car. Initially, Pierre protested and claimed that he had just left a barbecue stand. The officer, aware that Pierre had just left the bar parking lot, advised Pierre that he had observed the traffic violation. Pierre protested the traffic violation and denied that he left his lane of traffic. The officer then instructed Pierre to step out of the vehicle. Pierre complied and the officer patted him down for safety.

During the pat-down, the officer felt a large bulge in each of Pierre's front pants pocket. The officer inquired about the bulges and asked if it was cash. Pierre confirmed that it was cash. The officer then inquired about the marijuana odor; Pierre disputed that there was an odor. The officer asked Pierre if he could search the vehicle; Pierre refused.

Shortly thereafter, another officer arrived and confirmed the odor of marijuana coming from the vehicle. The officers searched the car based on their shared belief that there was marijuana in the car. The search produced a small plastic bag of marijuana concealed in the center console; a rolled marijuana cigarette under the driver's seat; a baby bottle with promethazine on the passenger floorboard; a Herstal handgun under the driver's seat; some cellular phones, and some U.S. currency. On his person, the officers found a small amount of heroin which was concealed in a folded dollar bill, and $11,216 in U.S. Currency.

Inside the compartment behind the infotainment system, the officers found five notebooks that the Government intends to introduce at the trial of this matter and Pierre

moves to suppress. The Government intends to establish that these notebooks were used by Pierre as drug ledgers.

Pierre argues that the search of the vehicle which discovered the black memo/notebooks was a warrantless search, thus requiring that the notebooks be suppressed. Pierre remarks that the compartment where the notebooks were found was a storage compartment that is part of the vehicle's original construction. Pierre also remarks that he was initially arrested for simple possession of heroin, simple possession of marijuana and simple possession of a legend drug (Promethazine).[1]

A search without a warrant by a government agent is per se unreasonable under the Fourth Amendment, subject only to a few specifically established and well-delineated exceptions. *Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507 (1967). The prosecution has the burden to prove an exception, and his burden has been described as a "heavy burden." *Missouri v. McNeely,* 569 U.S. 141, 148 (20130; *Vale v. Louisiana,* 399 U.S. 30, 90 S.Ct. 1969, 1971 (1970). The court has viewed with disfavor practices that permit "police officers unbridled discretion to rummage at will among a person's private effects." *Arizona v. Gant,* 556 U.S. 332, 345, 129 S.Ct. 1710 (2009).

Pierre argues that this case is analogous to the search and seizure of a cellphone citing *Riley v. California,* 134 S.Ct. 2473, (2014). Pierre maintains that the ledgers are equivalent to a cellphone because they contain private writings and were in a private compartment inside a vehicle.

---

[1] Pierre attaches the Southwest Criminalistics Laboratory report to establish the quantity of the drugs.

The Government maintains that law enforcement had probable cause to search the vehicle citing *United States v. Reed,* 882 F.2d 147, 149 (5th Cir. 1989) (noting the officer "detected the distinct odor of burnt marijuana, and this in itself would have justified the subsequent search of Reed's vehicle"). "[T]he detection of the odor of marijuana justifie[s] a search of the entire vehicle, including the locked compartment that [is] a likely place to conceal contraband." *Id.* Probable cause to search a vehicle authorizes a search of any container that might conceal the object of the search. *California v. Acevedo,* 500 U.S. 565, 569-70 (1991). The police may search an automobile and the containers within it where they have probable cause to believe [ ] evidence is contained. *Id.* at 580.

In *United States v. Ross,* 456 U.S. 798, 825 (1982), the Supreme Court recognized that "[i]f probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search."; *United States v. McSween*, 53 F.3d 684, 687 (5th Cir. 1995) (in a case in which an officer smelled burnt marijuana, upholding, under the authority of *Ross,* a search of the area under the hood of a vehicle based on both consent and probable cause); *Reed,* 882 F.2d 149 (affirming the search of a locked compartment in the rear of a vehicle based on the officer's assertion he smelled marijuana, which gave rise to probable cause and authorized a search of any areas of the car that might contain drugs).

The Government argues that *Riley* is distinguishable to this case. In *Riley*, the Supreme Court held that a search warrant was required to search a cell phone seized from a defendant during his arrest. The Court reasoned that today's cell phones have unique attributes due to their tremendous storage capacity to store "photographs, picture messages,

text messages, Internet browsing history, a calendar, [and] a thousand-entry phone book." The Court further explained that a cell phone is likened to a minicomputer which permits "[t]he sum of an individual's private life [to be] reconstructed," including his movements and his "private interests or concerns . . . ." *Id.* at 393-96.

The Government contends that the notebooks are distinguishable from the cell phones at issue in *Riley*. The notebooks hold limited information and do not reveal Defendant's past or current movements, photographs that would reveal the details of his personal life, the addresses and phone numbers of all of his contacts, his text messages and email exchanges, the websites he has visited, or his taste in music or movies. See, e.g. *United States v. Ouedraogo*, 824 F.App'x 714, 720-21 (11th Cir. 2020) (rejecting the defendant's assertion, based on *Riley,* that a notebook found in her purse could only be searched pursuant to a warrant; "the rationale announced in *Riley* does not extend to the search of the notebook found in a purse because a notebook is a single, physical object, not a repository of digital data like a cell phone.")

The Court agrees with the Government that the notebooks are not the same as a cell phone due to their limited content. Law enforcement had probable cause to search the vehicle due to the confirmed odor of marijuana. Additionally, the pat-down was performed in which a large amount of cash was discovered and a small amount of heroin. Law enforcement had further probable cause to search the compartment located behind the infotainment system when the officer observed that it had been opened after he returned from his vehicle to call for backup assistance. Therefore, the *Riley* case and its ruling are not applicable to this case. Accordingly,

**IT IS ORDERED** that the Motion to Suppress is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to File Exhibits in Support of Motion to Suppress is hereby **GRANTED.**

**THUS DONE AND SIGNED** Chambers on this 28th day of April, 2021.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE