UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:19-CR-00286-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **JARVIS PIERRE (01)** | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM ORDER**

Before the Court is "Defendant's Stipulation and Request that the Court Prohibit the Government from Referring to, or Introducing Evidence of, Any of Defendant's Prior Convictions" (Doc. 162). In his Motion, Defendant stipulates that "before October of 2018, he was convicted in a court of a crime for which the maximum penalty was over one year."[1]

Defendant cites *Old Chief v. United States,* 519 U.S. 172 (1997), for legal authority that would make any evidence of the name and nature of his prior offense inadmissible because its "probative value [was] substantially outweighed by the danger of unfair prejudice . . .," Federal Rule of Evidence 403. In that case, the Government refused to join the stipulation maintaining that it had a right to present its case in any manner it chose. The court applied Rule 403 and concluded that it required the trial court to accept the defendant's stipulation over the prosecution's objection. Consequently, Defendant moves to prohibit the Government in this case from referring to or introducing evidence of any of Defendant's prior convictions.

---

[1] Doc. 162, p. 1.

The Government informs the Court that it has rejected the stipulation because Defendant refuses to admit that he had knowledge of the prior felony conviction at the relevant time. The Government asserts that it has to prove in a prosecution under 18 U.S.C. § 922(g), that Defendant knew he possessed a firearm, and that he knew that he belonged to the relevant category of persons barred from possessing a firearm, citing *United States v. Rehaif,* ___ U.S.___, 139 S.Ct. 2191 (2019) ("the prosecution must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif,* 139 U.S. at 2200). Consequently, the Government maintains that Defendant's request for a joint stipulation, as worded, is inadequate.

The Government cites two cases since *Rehaif*, wherein the Fifth Circuit, in the context of plain error review of the district court's failure to instruct on the knowledge-of-status requirement in cases tried prior to *Rehaif,* has addressed the effect of *Rehaif* on so-called *"Old Chief* stipulations." In these cases, the Fifth Circuit has suggested a defendant cannot keep the details of his prior convictions from the jury if he refuses to stipulate to both status and knowledge-of-status. See e.g. *United States v. Staggers,* 961 F.3d 745, 756 (5th Cir.), *cert. denied,* 141 S.Ct. 388 (2020) ("[W]e are confident that if *Rahaif* had been decided when his case went to trial, Morrison would have stipulated to both the felon-status element and the knowledge-of-felon-status element to keep the jury ignorant of the inculpatory details otherwise required to prove knowledge of felon status."); *United States v. Huntsberry,* 956 F.3d 2570, 285 n.8 (5th Cir. 2020) ("By stipulating to his prior conviction at trial, Huntsberry invoked the protections of [*Old Chief v. United States*],

precluding the prosecution from introducing evidence of the nature of Huntsberry's prior crimes or the sentence(s) he received . . . . While the precise meaning of *Old Chief* has become unclear, we agree with the Seventh Circuit that 'by putting his knowledge at issue ... [Huntsberry] would be allowing the government to introduce evidence about the nature of his conviction that would otherwise be too prejudicial.'"), quoting *United States v. Williams,* 946 F.3d 968, 974 (7th Cir. 2020).

A careful reading of *Old Chief* clearly indicates that Federal Rule of Evidence 404(b) guarantees the admission of a prior act to prove some issue other than status, *i.e.* knowledge. *Old Chief,* 519 U.S. at 190 ("if, indeed, there were a justification for receiving evidence of the nature of prior acts on some issue other than status (i.*e.,* to prove 'motive, opportunity, intent, preparations, plan, **knowledge,** identity, or absence of mistake or accident,' Fed. Rule Evid. 404(b), Rule 404(b) guarantees the opportunity to seek its admission.") (emphasis added).

In a § 922(g)(1) case the Government must prove knowledge-of-status. The stipulation proposed by Defendant does not stipulate Defendant's knew he was a convicted felony—it only stipulates that "he was convicted in a court of a crime for which the maximum penalty was over one year." The Court finds that the because the stipulation fails to declare that Defendant knew during the relevant time period, that he was a convicted felon and recognizing that the Government has a burden to prove every element of its case, the Government's evidence of Defendant's prior convictions to prove knowledge is admissible. Accordingly,

... 

**IT IS ORDERED** that the motion to prohibit the Government from introducing evidence of Defendant's prior convictions is **DENIED.** Should Defendant agree to stipulate as to knowledge, the Court would be inclined to revisit this issue.

**THUS DONE AND SIGNED** in Chambers on this 13th day of May, 2021.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE