UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:19-CR-00286-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **JARVIS PIERRE (01)** | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM ORDER**

Before the Court is "Defendant's Motion to Dismiss Second Superseding Indictment for Statutory and Constitutional Insufficiency" (Doc. 178). In his Motion, Defendant argues that the Second Superseding Indictment is defective and therefore it should be dismissed. Count 3[1] of the Second Superseding Indictment reads as follows:

> On or about October 7, 2018, in the Western District of Louisiana, the defendant, JARVIS PIERRE, did knowingly possess a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit: conspiracy to possess with intent to distribute heroin and oxycodone, and possession with intent to distribute heroin and oxycodone, all in violation of title 18, United States Code, Section 924(c)(1)(A). [18 U.S.C. § 924(c)(1)(a)]

Defendant contends that this new indictment is insufficient because it contains almost no facts. Defendant previously moved for a Bill of Particulars to which the Government responded that Defendant conspired with unknown people, "including but not limited to" his mother Gloria Johnson, his sister, Earl'ish N. Chares, and his brother, Lionel

---

[1] Even though Defendant moves to dismiss the Second Superseding Indictment, he only complains about Count 3 of the Indictment.

Pierre, to obtain heroin and oxycodone "for later distribution" from "at least June 29, 2016" until "reasonably near January of 2019."[2]

Defendant argues that the Government's Bill of Particulars cannot cure the defective indictment citing *Russell v. U.S.,* 369 U.S. 749, 769-770 (1962). In *Russell,* the indictment charged the defendant with refusing to answer questions posed by a congressional subcommittee. Specifically, the indictment failed to identify the subject under inquiry at the time of defendants' alleged default or refusal to answer. The court held that the indictment was defective and that a bill of particulars could not cure the defect because the defendant had the right to have an adequately informed grand jury return the indictment.

Defendant complains that the Second Superseding Indictment does not sufficiently apprise him of the charge so that he may prepare a defense and invoke the Double Jeopardy Clause. Defendant suggests that the Second Superseding Indictment is defective and vague and that the Government's Bill of Particulars effectively rewrote the Indictment. Specifically, Defendant complains that Count 3 was changed from merely possessing a small amount of heroin on October 7, 2018, to distributing marijuana, methamphetamine, heroin, and phencyclidine on the same date, to a conspiracy involving only heroin and a different drug, oxycodone. Defendant further complains that the Bill of Particulars involves three members of Defendant's family going back to at least June 29, 2016.

An indictment is legally sufficient if (1) "each count contains the essential elements of the offense charged," (2) "the elements are described with particularity, and (3) "the

---

[2] Doc. 171.

charge is specific enough to protect the defendant against a subsequent prosecution for the same offense." *United States v. Cooper,* 714 F.3d 873, 877 (5th Cir. 2013). The offense charged in Count 3 under 924(c)(1)(A), requires the Government to prove that Defendant possessed the firearm and this his possession "further[ed]" the drug trafficking offense. *United States v. Suarez,* 879 F.3d 626, 632 (5th Cir. 2018).

The Government maintains that Count 3 of the Second Superseding Indictment tracks the statutory language and addresses all of the elements of the offense. Specifically, that on a particular date, Defendant "did knowingly possess a firearm in further of a drug trafficking crime," and "conspiracy to possess with intent to distribute heroin and oxycodone, and possession with intent to distribute heroin and oxycodone."

The Government cites numerous cases where the court held that the indictment was constitutionally sufficient when it tracked the language of § 924(c)(1). See e.g., *United States Guerra,* 398 F.App'x 14, 16 (5th Cir. 2010) ("Count Eleven of the second superseding indictment closely tracked the language of § 924(c)(1) by specifically alleging that Guerra possess, in addition to other weapons, a semi-automatic short-barreled rifle in furtherance of a drug trafficking crime (conspiracy to possess with intent to distribute a controlled substance) for which he could be prosecuted. The indictment was constitutionally sufficient in that it unambiguously described the essential elements of the offense); see also *United States v. Blevins,* 755 F.3d 312, 319 (5th Cir. 2014) (finding a § 924(c) count sufficient even though it improperly included the phrase "during in relation to, which phrase related to the uncharged "uses" prong of § 924(c)(1)(A); "[T]he indictment included the entire language of Section 924(c)(1)(A)'s possession offense,

stating that Blevins 'in furtherance of said drug trafficking crimes, did possess a firearm.'"). Title 18 U.S.C. § 924(c)(1)(A) provides as follows:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provisions of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime-- . . .

The Government argues that the purpose of the Bill of Particulars, made in response to Defendant's Motion for Bill of Particulars concerning Count 3 of the Second Superseding Indictment, was to assist Defendant in preparing his defense, but not to cure an alleged defective indictment. The Government posits that this was more than he was entitled to as a matter of law. See e.g., *Wilkins v. United States,* 376 F.2d 552, 562-563 (5th Cir. 1967) (rejecting the defendants' argument that they were entitled to a bill of particulars setting forth the overt acts committed by them in furtherance of the conspiracy and the names of the persons with whom they had conspired; "[t]he prosecutor is not required to detail his evidence in response to a bill of particulars," and instead "it is only necessary that defendants be advised of any essential detail omitted from the indictment").

The Court finds that the Superseding Indictment is constitutionally sufficient, as it closely tracks the language of § 924(c) and clearly describes the elements of the offense which sufficiently apprises Defendant of the charge so that he may prepare a defense and invoke the Double Jeopardy Clause. Accordingly,

**IT IS ORDERED** that the Motion to Dismiss the Second Superseding Indictment is hereby **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 18th day of May, 2021.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**