UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.  2:19-CR-00286-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **JARVIS PIERRE (01)** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the Court a "Motion in Limine to Preclude Self-Serving Statements" (Doc. 192) wherein the Government moves for an order to exclude any of Defendant, Jarvis Pierre's self-serving statements at trial.

Federal Rule of Evidence 801, 802 provide that an out-of-court statement offered to prove the truth of the matter asserted, *i.e.* hearsay is inadmissible as evidence. Self-serving statements made by criminal defendants to law enforcement agents outside of a court are inadmissible hearsay. See Federal Rule of Evidence 801(d)(2). See *Williams v. United States,* 512 U.S. 594, 599 (1994) (exception to hearsay rule for statements against penal interest does not allow admission of non-inculpatory statements, even if they are made within the broader narrative that it generally self-inculpatory).

Anticipating that Defendant will attempt to introduce his own self-serving statements through cross-examination of government witnesses, by offering reports memorializing those statements or playing videos, the Government moves to exclude the statements. Moreover, the Government posits that to allow Defendant to present his own testimony as such would be impermissible without subjecting him to cross-examination.

The Governments further contends that the exclusion of questioning to elicit self-serving hearsay is necessary to assure compliance with Rule 103(d) of the Federal Rules of Evidence, which provides, "[t]o the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means." Thus, in order to comply with Rule 103(d), the Court must prevent the reference to inadmissible hearsay to prevent the possibility of jury prejudice through exposure to inadmissible evidence. The Government remarks that any ruling by this Court would not prevent Defendant from taking the stand and presenting a proper defense with properly admitted evidence.

**IT IS ORDERD** that the Motion in Limine to Preclude Self-Serving Statements is hereby **GRANTED** and Defendant is precluded from attempting to admit any self-serving statements other than his own testimony at the trial of this matter.

**THUS DONE AND SIGNED** in Chambers on this 17th day of May, 2021.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE