UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 2:19-CR-00286-01 |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| JARVIS PIERRE (01) | MAGISTRATE JUDGE KAY |

MEMORANDUM ORDER

Before the Court is "Defendant's Objection to Presentence Report and Motion for the Court to Order a New Presentence Report" (Doc. 228) wherein Defendant Jarvis Pierre, through counsel moves the Court to order a new presentence report.

BACKGROUND

On September 18, 2019, Defendant Jarvis Pierre was named in a three-count Indictment. Counts One and Two charged him with Possession of a Firearm by a convicted Felon, in violation of 18 U.S.C. § 922(g)(1) and 924(e)(1). Count Three charged him with Simple Possession of a Controlled Substance, in violation of 18 U.S.C. § 844(a).[1] On October 7, 2020, Pierre was named in a three-count Superseding Indictment. Counts One and Two charged him with Possession of a Firearm and Ammunition by a Convicted Felon in violation of 18 U.S.C. § § 922(g)(1) and § 924(e)(1). Count Three charged him with Possession of a Firearm in the Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A).

---

[1] The Indictment also sought Forfeiture of the firearms pursuant to 18 U.S.C. § 924(d)(1).

On April 28, 2021, Pierre was named in a three-count Second Superseding Indictment. Counts One and Two charged him with Possession of a Firearm and Ammunition by a Convicted Felon, in violation of 18 U.S.C. § § 922(g)(1) and 924(e)(1). Count Three charged him with Possession of a Firearm in the Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A).

On May 21, 2021, after a jury trial, Pierre was found guilty on all three counts of the Second Superseding Indictment charging him with two counts of Possession of a Firearm and Ammunition by a Convicted Felon, in violation of 18 U.S.C. § § 922(g)(1) and 924(e)(1), and Possession of a Firearm in the Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A).

## LAW AND ANALYSIS

At the conclusion of the trial, the Court ordered that the United States Probation Office issue a Pre-Sentence Report ("PSR"). The Probation issued its report on July 2, 2021; the PSR identified Pierre as an Armed Career Criminal subject to the statutory enhancements found under 18 U.S.C. § 924(e).[2] Pierre objects to the PSR and moves the Court to order a new PSR. Pierre's objections are as follows: (1) Pierre cannot be subject to enhanced penalties for prior convictions, and (2) Pierre cannot be sentenced as an armed career offender for a prior conviction.

---

[2] PSR, ¶ ¶ 27, 28.

*Enhanced penalties for prior convictions*

The PSR recommends that Pierre be sentenced to increased punishment because of one or more prior convictions.[3] Pierre objects to this recommendation because prior to trial as required by 21 U.S.C. § 851, the Prosecutor did not file with the Court the previous convictions to be relied upon for the increased punishment. Thus, Pierre argues that he is not subject to the statutory enhancement under 18 U.S.C. § 924(e)(1). The relevant part of the statute states as follows:

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon. . . .

21 U.S.C. § 851(a)(1).

The Government maintains that the requirements of 21 U.S.C. § 851 are not applicable because Pierre was convicted of the Title 18 offenses of 922(g)(1) and 924(e)(1). Specifically, Title 18 U.S.C. § 924(e)(1) provides in pertinent part:

> In the case of a person who violated section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years. . .

The Court finds that the PSR correctly identified Pierre as an Armed Career Criminal, subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e).

---

[3] PSR, ¶ ¶ 16-20.

Pierre was indicted pursuant to Title 18 offenses of 922(g)(1) and 924(e)(1), therefore, Title 21 U.S.C. § 851 is not applicable.

*Prior conviction for a crime of violence*

The PSR recommends that Pierre qualifies for an enhanced penalty as an Armed Career Criminal under 18 U.S.C. § 924(e)(1) due to Pierre's two prior drug convictions and a prior conviction for a "violent felony."[4]

On March 19, 2013, Pierre was convicted of aggravated assault with a firearm under Louisiana Revised Statute 14:37.4.  Pierre argues that under the Louisiana statute in effect at that time, that particular conviction under Louisiana Revised Statute 14:37.4 was not considered a "violent felony" under applicable federal law.

Pierre pleaded no contest to an amended charge of aggravated assault with a firearm.[5]  Pierre relies on *United States v. Young*, 809 F.Appx. 203, 213 (5th Cir. 2020) (unpublished) wherein the court held that a prior state conviction for aggravated assault with a firearm did not qualify as a violent felony as required for the Armed Career Criminal penalty enhancement. In *Young*, the defendant argued that his 1997 conviction for aggravated assault with a firearm in violation of Louisiana Revised Statute § 14:37.2 (1996) could be committed through negligent conduct, and therefore did not constitute a violent felony under § 924(e). *Id.*

On April 10, 2020, the Fifth Circuit held that the Louisiana statute did not constitute a violent felony under § 924(e) because the elements of the offense at that time could be

---

[4] PSR ¶ ¶ 27-30, 31, 34-35.
[5] Defendant's exhibit 1.

proven with just negligent conduct. The current version of the Statute was enacted on May 25, 2012, which made two amendments: (1) the "discharge" requirement was dropped, and (2) the penalty provision for the statute changed from "a fine of not more than five thousand dollars or imprisoned for not more than five years" to "a fine of not more than ten thousand dollars or imprisoned for not more than ten years."

The Government contends that when Pierre pleaded guilty on March 19, 2013, he enter the plea to the current version of the statute. The government submits the transcript from the March 19, 2013 guilty plea by Pierre in which the court read the definition of the aggravated assault with a firearm.[6] Significantly, the definition did not include the "discharge" language that would be required under the older version of Louisiana Revised Statute 14:37.2 (1996),[7] and the penalty provision given by the court was of the current version of the statute.[8]

Here, the Court finds that Pierre was convicted under the current version of Louisiana Revised Statute 14:37.4 for aggravated assault with a firearm statute, making *Young* inapplicable. Therefore, the Court accepts the PRS as originally issued by the United States Probation Office.

## **CONCLUSION**

For the reasons set forth above, the Court finds that the United States Probation Office correctly determined Pierre's Total offense Level, the enhanced penalty for prior convictions and the enhanced penalty as an Armed Career Criminal. Accordingly,

---

[6] Government's exhibit A – State of Louisiana vs. Jarvis J. Pierre, Doc. No. 16910-CR-2010, Guilty Plea, pp. 27-28.
[7] Id.
[8] Id. p. 28.

**IT IS ORDERED** that the Objection to Presentence Report is hereby **OVERRULED**, and the Motion for the Court to Order a New Presentence Report (Doc. 228) is hereby **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 24th day of August, 2021.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**