## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.  2:19-CR-00286-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **JARVIS PIERRE (01)** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the Court is "Defendant's Motion for New Trial and Alternatively for Judgment of Acquittal on Count 3" (Doc. 223) wherein Defendant Jarvis Pierre moves to vacate the Jury Verdict rendered on May 21, 2021, or alternatively grant a judgment of acquittal as to Count 3 of the Indictment.

## BACKGROUND

Defendant, Jarvis Pierre, was initially charged on September 18, 2019, by a grand jury indictment[1] on Counts 1 and 2 for possession of a firearm and ammunition by a convicted felon. In that same indictment, Defendant was charged with Count 3 for simple possession of a controlled substance, to wit, heroin. On October 7, 2020, Defendant was charged by a superseding indictment[2] which changed Count 3 from possession of heroin to possession of a firearm in furtherance of a drug trafficking crime, to wit, distribution of marijuana, methamphetamine, heroin, and phencyclidine.  On April 28, 2021, Defendant was charged with a second superseding indictment[3] which changed Count 3 from

---

[1] Doc. 1.
[2]  Doc. 69.
[3] Doc. 149.

possession of heroin to possession of a firearm in furtherance of a drug trafficking crime, to wit, distribution of marijuana, methamphetamine, heroin, and phencyclidine to possession of a firearm in furtherance of a drug trafficking crime to wit: conspiracy to possess with intent to distribute heroin and oxycodone, and possession with intent to distribute heroin and oxycodone.

The jury trial of this matter commenced on May 17, 2021. On May 21, 2021, the jury unanimously returned a verdict of guilty as to all three counts of the second superseding indictment.[4]

Defendant moves for a new trial, or alternatively for a judgment of acquittal on Count 3.

## LAW AND ANALYSIS

Federal Rule of Criminal Procedure 33(a) permits the district court to grant a new trial on the motion of a defendant "if the interest of justice so requires." A new trial is not required "unless there would be a miscarriage of justice or the weight of evidence preponderates against the verdict." *United States v. Wall,* 389 F.3d 457, 466 (5th Cir. 2004). "A new trial is granted only upon demonstration of adverse effects on substantial rights of a defendant." *Id.*

Relying on Title 18 U.S.C. § 3161(c)(2), Defendant asserts that it was error for the trial to start just 19 days after the second superseding indictment.  Defendant complains that the second superseding indictment substantively amended Count 3, did not name a co-

---

[4] Doc. 220.

conspirator, did not allege when the conspiracy took place, and did not connect the gun found in the car on October 7, 2018, to any person identified as participating in a conspiracy on or about October 7, 2018. Defendant relies on *United States v. Guzman,* 754 F.2d 482 (2d Cir. 1985) wherein the court held that the defendant could not be compelled to stand trial on a drug conspiracy count one (1) day after a superseding indictment was filed which expanded the scope of the conspiracy.

Defendant challenges evidence the Government introduced at trial, to wit, Instagram photographs of Defendant and jail-cell telephone conversations made by Defendant while in jail.  Defendant complains that it was not shown that the photos were taken on or around October 7, 2018, and the evidence did not show Defendant to be in possession of the gun or the drugs found on October 7, 2018. As to the jail-cell conversations, Defendant complains that they contained no mention of the guns or the drugs found on October 7, 2018.

In addition, Defendant maintains that the photographs and jail-cell conversations were character evidence in violation of Rule 404 of the Federal Rules of Evidence. Defendant maintains that the Government failed to provide the required Rule 404(b)(3) notice for other crimes or bad acts it intended and in fact introduced at trial.

Defendant asserts that the Court did not conduct the appropriate hearing for the character evidence to determine if it was relevant, and if so, whether the prejudice substantially outweighed its probative value. Defendant suggests that the Court should have held a hearing and analyzed each conversation and each photograph individually.

Defendant also complains that the jail-cell telephone conversations were between Defendant and third parties, and that he was not given an opportunity to confront and cross-examine those third parties in violation of the Sixth Amendment Confrontation Clause.

Defendant argues that had the trial proceeding been properly restricted to introducing only relevant and nonprejudicial evidence, the Government would have failed to prove Count 3 of the indictment because no reasonable juror could have found Defendant guilty of Count 3.

*30 days of trial preparation when a superseding indictment is returned*

The United States Supreme Court has determined that 18 U.S.C. § 3161(c)(2) does not create a *per se* right to an additional thirty days of trial preparation when a superseding indictment is returned.  *United States v. Rojas-Contreras,* 474 U.S. 231 (1985).  The Government remarks that the *Rojas-Contreras* decision was decided to cure the circuit split caused by the *Guzman* decision, but made clear that the trial court has broad discretion to grant additional periods for trial preparation when a superseding indictment is returned if such an extension is necessary to meet the "ends of justice"; thus, the test if one of prejudice. *Rojas-Contreras,* 474 U.S. at 236; see also *United States v. Watkins,* 811 F.2d 1408, 1411 (11th Cir. 1987).

*Watkins* recognized that *Rojas-Contreras* overruled the *Guzman* rule that the filing of a superseding indictment automatically triggers a new 30-day period under § 3161(c)(2). *Watkins*, 811 F.2d 1408 n. 4 (11th Cir. 1987).  Applying *Rojas-Contreras*, *Watkins* found that the controlling question for the court is to determine if there was a substantial change

from the original indictment to require the trial court to assert its discretion and extend the time for trial preparation. *Id.* at 1411.

The Government remarks, that just as in *Watkins*, Defendant did not move to continue the trial or object to going forward when the case was called. Thus, the Court would not have known if Defendant's trial preparation was adversely affected. The Court agrees with the Government that Defendant has not shown prejudice and furthermore, Defendant did not request a continuance.  Furthermore, as evidenced by the record of this matter, the Court accommodated Defendant in granting all motions for continuances.[5]

*Constructive amendment to Count 3*

"A constructive amendment occurs when it permits the defendant to be convicted upon a factual basis that effectively modifies an essential element of the offense charged or permits the government to convict the defendant on a materially different theory or set of facts than that with which [he] was charged." *United States v. McMillan,* 600 F.3d 434, 451 (5th Cir. 2010) (internal quotations and citations omitted). "[A] constructive amendment … is reversible per se," but "a variance between the indictment and proof [is examined] for harmless error."  *United States v. Bennett,* 874 F.3d 236, 256 (5th Cir. 2017).

Defendant argues that the Government's evidence substantively and constructively amended the indictment by "expanding it to cover a period of time beginning years before October 7, 20218 and ending at some unproven time thereafter, with that time not

---

[5] Docs. 24, 26, 50, 51, 115, 116, 139, 140 (continuing trial due to defense counsel's exposure to COVID, 241 and 242.

connected either to the gun found in the car on October 7, 2018 or to any person identified as participating in any conspiracy on or about October 7, 2018."[6]

Defendant argues that the Instagram photographs which were taken prior to the October 7, 2018 showed the defendant in possession of the gun or the drugs found in the car on October 7, 2018. Defendant also complains that the jail-cell conversations did not begin until sometime after December 27, 2018 and did not mention the gun found in the car on October 7, 2018, the October 7, 2018 traffic stop, or any drug activity on that date.

The Government argues that the evidence at trial showed that the Defendant possessed a firearm in furtherance of a drug conspiracy involving certain controlled substances. Thus, the Government posits that the evidence did not permit the jury to convict on a "materially different theory."

Count 3 of the second superseding indictment charged Defendant with possession of a firearm in furtherance of a drug trafficking crime to wit: conspiracy to possess with intent to distribute heroin and oxycodone, and possession with intent to distribute heroin and oxycodone.

In *United states v. Phea,* 953 F.3d 838, 842 (5th Cir. 2020), the Court found that there was a constructive amendment where the indictment charged the defendant with actual knowledge his victim was under the age of 18.  However, at trial the Government abandoned its actual knowledge theory at trial, and instead relied on a theory that the defendant had had a "reasonable opportunity to observe" the victim which involved an

---

[6] Doc. 227, ¶ ¶  9, 15.

uncharged subsection of the statute. The district court instructed the jury that it could convict on a finding of either.

In *United States v. Guidry,* 406 F.3d 314, 322 (5th Cir. 2005), the court held that "a variance in the type of weapon charged in the indictment with the evidence adduced at trial is not a material constructive amendment that requires vacating a conviction."

The Government witnesses provided evidence of an ongoing drug trafficking conspiracy led by Defendant.  The testimony included names of co-conspirators, the types of drugs identified through coded language, the purchase price of the drugs in addition to drug quantities.  The Instagram Pictures and other evidence included enormous amounts of cash, drug ledgers, numerous cell phones, expensive and lavish vehicles, and guns.

During the October 7, 2018 traffic stop, illegal drugs were found in the car in addition to a large amount of cash, and a firearm in possession of a convicted felon. The evidence at trial did not go beyond the scope of the indictment. Thus, the Court finds that there was no material constructive amendment to Count 3.

*Sufficiency of the evidence as to Count 3*

Defendant argues that the evidence, including the allege "bad character" evidence did not prove beyond a reasonable doubt that on or about October 7, 2018, Defendant possessed the gun in the car in furtherance of possessing with intent to distribute the heroin and Oxycodone found in the car.

As noted by the Government, the jury unanimously found Defendant guilty of Count 3.  The Government notes that the evidence it introduced at trial included the names of co-conspirators, the types of drugs, amounts of drugs, prices for the drugs and Defendant's

statements as to his role in the conspiracy. The court agrees with the Government that there was sufficient evidence presented at trial to prove beyond a reasonable doubt the elements of Count 3 of the superseding indictment. As such, the Court finds no miscarriage of justice nor does the weight of evidence preponderate against the verdict. Accordingly,

**IT IS ORDERED** that the Motion for a New Trial, or alternatively, acquittal as to Count 3 of the superseding indictment is hereby **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 22nd day of September 2021.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**