UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:19-CR-00286-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **JARVIS PIERRE (01)** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM ORDER

Before the Court is a "Motion to Dismiss Count 3 of the Second Superseding Indictment (Fed. R. Crim. P. 12(6)(2))" (Doc. 279) filed by *pro se* Defendant, Jarvis Pierre. Pierre moves to dismiss Count 3 of the Second Superseding Indictment for lack of jurisdiction. Pierre argues that the Second Superseding Indictment fails to charge federal jurisdiction for the predicate offense, citing 28 U.S.C. § 636 (b)(1).

### INTRODUCTION

Defendant, Jarvis Pierre, was initially charged on September 18, 2019, by a grand jury Indictment[1] on Counts 1 and 2 for possession of a firearm and ammunition by a convicted felon. In that same Indictment, Pierre was charged with Count 3 for simple possession of a controlled substance, to wit, heroin. On October 7, 2020, Pierre was charged by a Superseding Indictment[2] which changed Count 3 from possession of heroin to possession of a firearm in furtherance of a drug trafficking crime, to wit, distribution of marijuana, methamphetamine, heroin, and phencyclidine. On April 28, 2021, Pierre was

---
[1] Doc. 1.
[2] Doc. 69.

charged with a second superseding indictment[3] which changed Count 3 from possession of heroin to possession of a firearm in furtherance of a drug trafficking crime, to wit, distribution of marijuana, methamphetamine, heroin, and phencyclidine to possession of a firearm in furtherance of a drug trafficking crime to wit: conspiracy to possess with intent to distribute heroin and oxycodone, and possession with intent to distribute heroin and oxycodone.

The jury trial of this matter commenced on May 17, 2021. On May 21, 2021, the jury unanimously returned a verdict of guilty as to all three counts[4] of the Second Superseding Indictment.[5]

On the same date, the Court ordered a presentence report (PSR) be completed by the United States Probation Office and set the sentencing for September 23, 2021. On July 2, 2021, a PSR was issued for the above captioned case. In the PSR, the Pierre was identified as an Armed Career Criminal and subject to the statutory enhancements found under 18 U.S.C. § 924(e).[6] Pierre objected to the Armed Career Criminal designation urging that his 2013 Louisiana aggravated assault with a firearm conviction was not a "violent felony" under the Armed Career Criminal Act ("ACCA") because he was convicted under a previous version of the Louisiana statute, which contained a "discharge" requirement that Louisiana courts had stated could be committed negligently.[7] This Court

---

[3] Doc. 149.
[4] Possession of a Firearm by a convicted Felon (two counts) 18 U.S.C. §§ 922(g)(1) & 924(e)(1) and Possession of a Firearm of a Drug Trafficking Crime (one count) 18 U.S.C. § 924(c)(1)(A).
[5] Doc. 220.
[6] Doc. 227, ¶¶ 27-35.
[7] Doc. 237.

overruled the objection, finding that the relevant Louisiana statute had been amended to remove the discharge requirement and now categorically required an "intentional" assault.[8] On February 10, 2022, this Court sentenced Pierre to a term of imprisonment of 288 months for Counts 1 and 2, and 60 months for Count 3, to be served consecutively to the sentence for Counts 1 and 2.[9]

Pierre filed a timely appeal and raised multiple issues, arguing that there was insufficient evidence to convict, Pierre's right to confront witnesses was violated, the District Court improperly admitted evidence of other crimes, and that Pierre did not qualify for a sentencing enhancement under ACCA. On April 12, 2023, the Fifth Circuit affirmed the defendant's convictions; however, the Fifth Circuit found that "(i)n light of our recent decision in *United States v. Garner*, 28 F.4th 678, 683 (5th Cir. 2022), Pierre was improperly designated as an armed career criminal."[10] Consequently, the Fifth Circuit ordered that the original sentence be vacated, and the cause was remanded to this Court for resentencing in accordance with that opinion. *Id*. The defendant's resentencing is set for August 10, 2023.[11]

## LAW AND ANALYSIS

Now, over two years post trial, Pierre moves to dismiss Count 3 of the Second Superseding Indictment based on lack of jurisdiction. Pierre argues for the first time that because Count 3 does not allege federal jurisdiction for the predicate offense," the Court

---

[8] Doc. 243.
[9] Doc. 263.
[10] Doc. 273.
[11] Doc. 278.

lacks jurisdiction to issue a judgment citing *United States v Wang*, 222 F.3d 234, 240-41 (6th Cir. 2000); *United States v. Collins*, 40 F.3d 95, 99 (5th Cir. 1994).

Pierre argues that 18 U.S.C. § 924 (c)(1)(A) is not a felony punishable under the Controlled Substance Act and is a "distinct" offense from a "drug trafficking crime" as "each provisions requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932). Specifically, Pierre argues that Count 3 of the Superseding Indictment fails to allege federal jurisdiction or any nexus to interstate commerce—either facially or as applied to this case.

The government argues that because Pierre's motion seeks relief beyond the mandate given by the Fifth Circuit, his motion should be denied, or alternatively, the motion should be denied because it fails on the merits.

Under the doctrine of the law of the case, determinations of courts of appeals of law (such as the scope of a remand) are binding on the district court on remand. Under this doctrine, the district court on remand, or the appellate court on a subsequent appeal, abstains from reexamining an issue of fact or law that has already been decided on appeal. See, e.g., *United States v. Carales-Villalta*, 617 F.3d 342, 344 (5th Cir. 2010). A facet or corollary of the law-of-the-case doctrine is the mandate rule. See *United States v. Becerra*, 155 F.3d 740, 753 (5th Cir. 1998), abrogated on other grounds by *United States v. Booker*, 543 U.S. 220 (2005). Under the mandate rule, "[a] district court on remand 'must implement both the letter and the spirit of the appellate court's mandate and may not disregard the explicit directives of that court.'" *United States v. McCrimmon*, 443 F.3d 454, 459 (5th Cir. 2006) (quoting *United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002)).

Accordingly, the mandate rule "prohibits a district court on remand from reexamining an issue of law or fact previously decided on appeal and not resubmitted to the trial court on remand. This prohibition covers issues decided both expressly and by necessary implication ...." *United States v. Pineiro*, 470 F.3d 200, 205 (5th Cir. 2006) (per curiam). "Additionally, pursuant to the 'waiver approach' to the mandate rule," *McCrimmon*, 443 F.3d at 459, "'[a]ll other issues not arising out of this court's ruling and not raised before the appeals court, which could have been brought in the original appeal, are not proper for reconsideration by the district court below.'" *Pineiro*, 470 F.3d at 205 (citation omitted). See also *United States v. Lee*, 358 F.3d 315, 321 (5th Cir. 2004) ("Absent exceptional circumstances, the mandate rule compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court. Moreover, the rule bars litigation of issues decided by the district court but foregone on appeal or otherwise waived, for example because they were not raised in the district court."). Here, the Fifth Circuit Court vacated the defendant's original sentence regarding the application of the ACCA and remanded the case to this Court for resentencing only on that issue. Further, the defendant in his present motion raises an issue for the first time that could have been raised at the time of his appeal.[12]

As argued by the government, the issue now raised by Pierre, which could have been brought in the original appeal but was not raised before the appeals court, is not properly before this Court. For that reason alone, Pierre's Motion to Dismiss will be denied.

---

[12] Doc. 278.

Even so, the Court finds that Pierre's Motion to Dismiss fails on the merits. The Superseding Indictment contains no jurisdictional defect.

An indictment is legally sufficient if (1) "each count contains the essential elements of the offense charged," (2) "the elements are described with particularity," and (3) "the charge is specific enough to protect the defendant against a subsequent prosecution for the same offense." *United States v. Cooper*, 714 F.3d 873, 877 (5th Cir. 2013). Regarding the elements of the charged offense, to convict a defendant of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c), the United States must prove he possessed the firearm, and that his possession "further[ed]" the drug trafficking offense. 18 U.S.C. § 924(c)(1)(A); *United States v. Suarez*, 879 F.3d 626, 632 (5th Cir. 2018).

Count 3 of the Second Superseding Indictment reflects the statutory language and addresses all the elements of the offense, as it alleges on a particular date, in the "Western District of Louisiana" the defendant "did knowingly possess a firearm in furtherance of a drug trafficking crime," specifically, "conspiracy to possess with intent to distribute heroin and oxycodone, and possession with intent to distribute heroin and oxycodone."[13] The Court finds that Count 3 alleges a violation of federal narcotics laws because possessing heroin and oxycodone with the intent to distribute, and conspiracy to do the same are violations of federal criminal statutes 21 U.S.C. § § 841(a) and 846.

---

[13] Doc. 148.

Additionally, Pierre's argument that this Court did not have jurisdiction to issue a judgment on Count 3 due to a defect in the language of the Superseding Indictment is incorrect.

In *United States v. Cotton*, which follows upon the Supreme Court's decision in *Apprendi v. New Jersey*, 530 466 (2000), the Supreme Court reviewed a case in which the court of appeals concluded that omission of the drug quantity element from an indictment charging violations of federal drug laws was "a 'jurisdictional' defect and thus required vacating respondents' sentences." *United States v. Cotton*, 122 S. Ct. 1781 (2002). The court of appeals reasoned that "because an indictment setting forth all the elements of an offense is both mandatory and jurisdictional a court is without jurisdiction to impose a sentence for an offense not charged in the indictment." 122 S. Ct. at 1784. (internal quotation marks and emphasis omitted). The Supreme Court disagreed, holding instead that "defects in an indictment do not deprive a court of its power to adjudicate a case" and, thus, are not jurisdictional in nature. *Id.* at 1785. The Fifth Circuit later expanded the *Cotton* reasoning further beyond just *Apprendi* issues. In *United States v. Longoria,* the Fifth Circuit Court held "[w]e have used similar [jurisdictional] language in a number of other non-*Apprendi* opinions relating to indictments that are defective because of the failure to allege an element of the offense involved in the case. To the extent that these decisions hold that 'a defective indictment deprives a court of jurisdiction,' they are overruled by *Cotton.*" *United States v. Longoria,* 298 F.3d 367, 372 (5th Cir. 2002) (en banc) (citation and footnote omitted).

## CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that the Motion to Dismiss Count 3 of the Second Superseding Indictment (Fed. R. Crim. P. 12(6)(2)) (Doc. 279) filed by *pro se* Defendant, Jarvis Pierre Is **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 14th day of July, 2023.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**